UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                  **DECISION AND ORDER**
                                                                                14-CR-201S

FELIX OMAR MELENDEZ-LEBRON,

                  Defendant.

---

On June 25, 2024, Defendant Felix Omar Melendez-Lebron moved to terminate the remaining period of his supervised release—approximately 6 years and 10 months—under 18 U.S.C. § 3583 (e)(1). (Docket No. 34.) Defendant subsequently moved to amend his motion to correct a factual error.[1] (Docket No. 37.) Defendant contends that termination is warranted because he has succeeded on release and has complied with all required conditions. Both the government and the United States Probation Office oppose Defendant's request. Although Defendant's success on release thus far is commendable, this Court finds that his motion to terminate supervised release must be denied. His motion to amend or correct his motion, however, is granted.

A court may terminate a term of supervised release and discharge a defendant at any point after the defendant has served one year of supervised release. See 18 U.S.C. § 3583 (e)(1). But the court may do so only if it is satisfied that termination of supervised release is warranted by the defendant's conduct and the interest of justice, after consideration of the relevant factors in 18 U.S.C. § 3553 (a). Id. Early termination may

---

1 In his initial motion, Defendant represented that he is steadily employed. He subsequently sought to correct that statement, since he has not gained employment since moving to Florida. Defendant attributes the error to his use of a form motion, an explanation that this Court accepts.

1

be appropriate, for example, to "account for new or unforeseen circumstances," which may include a defendant's exceptionally good behavior, that makes the imposed term of supervised release "either too harsh or inappropriately tailored to serve" the general goals of sentencing.  United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).  New or changed circumstances, however, are not required.  See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016).

Having considered the relevant factors in 18 U.S.C. § 3553 (a), this Court finds that termination of Defendant's term of supervised release is not warranted and would not be in the interest of justice.  Defendant received a sentence of 120 months' imprisonment and 8 years' supervised release after pleading guilty to possessing with intent to distribute 100 grams or more of heroin.  This serious conviction followed Defendant's previous controlled-substances convictions in state and federal courts.  While all indications are that Defendant has successfully complied with the conditions of his supervised release, he has only been on release for about one year and two months, and he is currently unemployed.  Maintaining Defendant's supervised release will provide an effective framework for his rehabilitation and reintegration, which furthers both his best interests and those of community safety.  The need to avoid unwarranted sentencing disparities and to provide adequate deterrence also counsels in favor of maintaining supervision.

This Court has carefully considered Defendant's conduct while on supervised release.  Setting aside his lack of employment, Defendant's general compliance with his conditions alone, while perhaps laudable, does not warrant termination of supervision.  See, e.g., United States v. Fenza, No. CR 03-0921 (ADS), 2013 WL 3990914, at *2

2

(E.D.N.Y. Aug. 2, 2013) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); <u>United States v. Jimenez</u>, Nos. 99 Cr. 1110-02, 99 Cr. 1193-04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."); <u>United States v. Medina</u>, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that "unblemished" conduct alone is insufficient to warrant the termination of supervised release, "since, if it were, the exception would swallow the rule."); <u>see also</u> <u>United States v. Finkelshtein</u>, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018) ("Simply complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation."); <u>United States v. Rusin</u>, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination [of probation] is not warranted where a defendant did nothing more than that which he was required to do by law.").

Rather, in the absence of any compelling circumstances, this Court finds that the nature and circumstances of the offense, the seriousness of Defendant's criminal conduct, and the continuing interests of rehabilitation and deterrence counsel in favor of maintaining Defendant's supervised release.   Defendant's motion for early termination is therefore denied.


IT HEREBY IS ORDERED, that Defendant's Motion for Early Termination of Supervised Release (Docket No. 34) is DENIED.

3

FURTHER, that Defendant's Motion to Amend or Correct (Docket No. 37) is GRANTED.

FURTHER, that the Clerk of Court is directed to send a copy of this decision to Defendant at his address of record.

SO ORDERED.


Dated: September 26, 2024
       Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
